José Colón Díaz, Plaintiff, *v.* Paulino Rivera Rodríguez, Defendant; José de la Rosa Rivera, Intervener and Appellant.

No. 9180.  Argued December 26, 1945.—Decided March 1, 1946.

*L. Santiago Carmona* for appellant.  *Manuel Torres Reyes* and *José E. Segarra* for appellee.

Mr. Justice Córdova delivered the opinion of the court.

One year after the rendition of a judgment by default in an action of unlawful detainer, the defendant, pending the execution of the judgment, moved to set aside the order of eviction, claiming a homestead right. His motion was denied. Another year went by and when the plaintiff sought to evict the defendant, the latter filed a new motion in opposition this time alleging that he was a soldier in the United States Army and was absent from Puerto Rico, and that, although he had instructed his relatives to defend the action of unlawful detainer, the court should not order his eviction as long as he was in the military service. That motion was denied, and the court called attention to the fact that the defendant entered the military service long after the judgment had been

rendered. The father of the defendant thereupon moved to be allowed to intervene, on the ground that he had held possession of the property in controversy, as owner, for many years, and he prayed that the execution of the judgment be stayed and ultimately that the judgment be set aside and another rendered instead dismissing the complaint.

The lower court denied the application for intervention, because it came too late. Thereafter the judgment of eviction was executed, the relatives of the defendant being ejected from the property and the plaintiff being put in possession.

The applicant for intervention has appealed from the order denying him leave to intervene. Among the various errors assigned by him, the only pertinent assignment is the one in which he urges that the lower court erred in peremptorily denying his petition for intervention. There was no error, as the intervention sought two years after the judgment had become final (*firme*), came too late. *Valentín v. Municipal Court*, 62 P.R.R. 212.

Moreover, in the motion for a stay of the proceedings on the ground that the defendant was in the Army, which was filed by the attorney for the defendant, who is the same counsel now representing the intervener, there are strong indications that the intervener, father of the defendant, had in fact participated in the defense of the action long before he formally applied for intervention, without making any suggestion to the court that he was the real party in interest or that the defendant lacked any interest in the case.

We might dismiss the appeal as academic, inasmuch as the record shows that the judgment has been executed. However, since the parties have not raised that question and the result reached by us on the merits is the same, we will affirm the order appealed from.